**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4099-17T3

NEW JERSEY CHINESE
COMMUNITY CENTER, INC.,

     Plaintiff-Appellant,

v.

FRANKLIN TOWNSHIP ZONING
BOARD OF ADJUSTMENT, 101
METTLERS ROAD, LLC, and
CENTRAL JERSEY COLLEGE
PREP CHARTER SCHOOL,

     Defendants-Respondents.

_____

        Argued March 6, 2019 – Decided April 29, 2020

        Before Judges Fuentes, Vernoia, and Moynihan.

        On appeal from the Superior Court of New Jersey, Law
        Division, Somerset County, Docket No. L-0549-17.

        Cynthia M. Hwang argued the cause for appellant.

        James J. Kinneally, III, argued the cause for respondent
        Franklin Township Zoning Board of Adjustment
        (Marriott Callahan & Blair, PC, attorneys; James J.
        Kinneally, III, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiff New Jersey Chinese Community Center, Inc. appeals from the order of the Law Division that upheld the decision of the Franklin Township Zoning Board of Adjustment (Board) to grant a use variance under N.J.S.A. 40:55D-70d to 101 Mettlers Road, LLC (the Applicant). The use variance was necessary to permit Central Jersey College Prep Charter School (Central Jersey College Prep) to relocate to 101 Mettlers Road, a zoning area that did not permit schools. At the time of the application and prior to its relocation, Central Jersey College Prep operated the school on a property it leased from plaintiff located at 17 Schoolhouse Road.

The Board conducted two public hearings to consider the Applicant's request for the use variance. The first hearing occurred on December 15, 2016. In addition to the site plan, architectural drawings, and engineering reports, the Applicant presented the testimony of licensed engineer Craig Stires, licensed architect David H. Feldman, Central Jersey College Prep Principal Namik Serkan, and licensed engineer Jay Troutman.

The Board conducted the second and final hearing on January 5, 2017. At the Board's request, architect Feldman explained the infeasibility of relocating

A-4099-17T3

the school's gymnasium to a different area of the property located at 17 Schoolhouse Road. The Board also heard testimony from its own planner Kevin O'Brien, who noted:

> [t]his school is considered an inherently beneficial use and has received similar approvals from this Board for both of its past locations. The school is chartered by the New Jersey State Department of Education, it must adhere to their rules and regulations, it must also adhere to all Building Code regulations concerning educational institutions. All the teachers and staff are state certified and over 70 percent of the students come from here in Franklin Township.

At this point the Board opened the hearing to the public. An attorney who represented the Chinese Community Center as an objector addressed the Board and advocated against the approval of the application. The attorney warned that if the Board approved the application, it would "be committing a tortious interference of the parties' contract." The attorney alleged that the Franklin Township Zoning Officer was aware of the lease agreement between plaintiff and Central Jersey College Prep and "involved himself in [their] business dealings despite his official capacity demanding neutrality." After consulting with its attorney, the Board determined the matters raised by plaintiff's attorney were not relevant to the Applicant's request for a use variance. The Board ultimately approved the application unanimously.

3

The Board thereafter adopted an approval resolution that described the specific facts that supported the use variance sought by the Applicant and found the Applicant had satisfied the positive and negative criteria codified in N.J.S.A. 40:55D-70d. Pursuant to Rule 4:69-6(b)(3), plaintiff appealed the Board's decision in an action in lieu of prerogative writs. The Law Division held a trial de novo and affirmed the Board's grant of the use variance.

In this appeal, plaintiff argues the Law Division judge erred when he upheld the Board's decision. Plaintiff claims the Applicant did not present sufficient evidence to support the Board's factual findings and legal application of the positive and negative criteria to grant the use variance under N.J.S.A. 40:55-70d. After reviewing the record developed before the Board and mindful of our standard of review, we affirm substantially for the reasons expressed by Judge Thomas C. Miller in his comprehensive statement of reasons attached to and in support of his May 4, 2018 order.

It is long-settled that a court will only set aside a local zoning determination when the record shows its decision was arbitrary, capricious or unreasonable. Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965). Pursuant to N.J.S.A. 40:55D-70d(1), a zoning board has the power, "[i]n particular cases for special reasons, [to] grant a variance to allow departure from

regulations . . . of this act to permit: (1) a use or principle structure in a district restricted against such use or principal structure . . . ."  The Municipal Land Use Law (MLUL) "requires an applicant to prove both positive and negative criteria to obtain a use variance."  Price v. Himeji, LLC, 214 N.J. 263, 286 (2013) (quoting Smart SMR of New York, Inc. v. Fair Lawn Bd. of Adj., 152 N.J. 309, 323 (1998)).

An applicant must first demonstrate special reasons for granting the variance, N.J.S.A. 40:55D-70d(1).  These special reasons are referred to as the positive criteria.  The Supreme Court has identified three categories of circumstances where special reasons may be found:

> (1) where the proposed use inherently serves the public good, such as a school, hospital or public housing facility; (2) where the property owner would suffer "undue hardship" if compelled to use the property in conformity with the permitted uses in the zone; and (3) where the use would serve the general welfare because "the proposed site is particularly suitable for the proposed use."
>
> [Nuckel v. Little Ferry Planning Bd., 208 N.J. 95, 102 (2011) (internal citations omitted) (quoting Saddle Brook Realty, LLC v. Twp. of Saddle Brook Zoning Bd. of Adj., 388 N.J. Super. 67, 76 (App. Div. 2006)).]

The applicant must also satisfy the negative criteria, which are defined in N.J.S.A. 40:55D-70 as follows:

No variance or other relief may be granted under the terms of this section, including a variance or other relief involving an inherently beneficial use, without a showing that such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance.

The first prong of the negative criteria "focuses on the effect that granting the variance would have on the surrounding properties" while proof of the second prong "must reconcile the grant of the variance . . . with the municipality's contrary determination about the permitted uses as expressed through its zoning ordinance." Price, 214 N.J. at 286 (citing Medici v. BPR Co., 107 N.J. 1, 21-22 (1987)).

Satisfaction of both negative criteria prongs generally requires "an enhanced quality of proof and clear and specific findings by the board of adjustment that the variance sought is not inconsistent with the intent and purpose of the master plan and zoning ordinance." Medici, 107 N.J. at 21. However, when a proposed use is inherently beneficial, satisfaction of the negative criteria does not require enhanced proof. Sica v. Bd. of Adjustment, 127 N.J. 152, 160-61 (1992). Instead, under these circumstances, the zoning board must balance the positive and negative criteria by considering the following procedure its determination: (1) identify the public interest is at stake,

6

(2) identify the detrimental effect, (3) determine whether the detrimental effect can be reduced by imposing reasonable conditions on the use, and (4) determine whether there would be a substantial detriment to the public good. Id. at 165-66.

Here, the Board accepted the testimony of its planner, Kevin O'Brien. Consistent with well-established law, O'Brien testified that a charter school was an inherently beneficial use. Northeast Towers, Inc. v. Zoning Bd. of Adjustment for W. Paterson, 327 N.J. Super. 476, 487 (App. Div. 2000). O'Brien opined the proposed school would not have a detrimental effect, no accommodations were needed, and the balancing test weighed in favor of granting the variance. O'Brien also noted that one of the goals of Franklin Township's Master Plan is to continue to provide adequate services to meet the needs of the Township and evaluate the adequacy of existing facilities. O'Brien testified that the use variance complied with the Master Plan because the Schoolhouse Road location was too small for Central Jersey College Prep's expansion plan.

Plaintiff's counsel did not present any evidence to undermine or challenge any of the Board's findings and conclusions. In its resolution, the Board found the Applicant satisfied the criteria necessary to grant a use variance pursuant to N.J.S.A. 40:55D-70d. The record fully supports Judge Miller's legal

conclusions. We thus affirm substantially for the reasons expressed by Judge Miller in his comprehensive, well-reasoned written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4099-17T3